UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KYLE RICHARDS et al.,

             Plaintiff,             Case No. 1:14-cv-239

v.                                         Honorable Robert J. Jonker

STEPHEN DEBHOUR et al.,

             Defendants.
_____/

**OPINION DENYING LEAVE
TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES**

      Plaintiff Kyle Richards, a prisoner incarcerated at Bellamy Creek Correctional Facility (IBC), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Because Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The fee for filing a civil action is $350.00 where a prisoner has been granted leave to proceed *in forma pauperis*. Otherwise, the filing fee is $400.00. Because there are three plaintiffs in this action, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). The other two Plaintiffs in this action have been granted leave to proceed *in forma pauperis*. Thus, Plaintiff Richards, is liable for $133.33. The Court will therefore order Plaintiff to pay $133.33 within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to do so, the Court will order that his action be dismissed without prejudice. Even if the case is

dismissed, Plaintiff will be responsible for payment of the $133.33 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

## **Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir. 2007) (citing *Wilson*, 148 F.3d at 604-06); *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In more than three of Plaintiff's lawsuits, the Court entered dismissals because the actions were frivolous, malicious, or failed to state a claim. *See, e.g., Colar et al. v. Hienz et al.*, No. 1:12-1197 (W.D. Mich. Mar. 5, 2013); *Colar et al. v. Heyns et al.*, No. 1:12-cv-1269 (W.D. Mich. Jan. 13, 2013); *Richards v. Smith et al.*, No. 1:11-cv-10929 (E.D. Mich. May 16, 2011); *Richards v. Swartz et al.*, No. 2:10-cv-13759 (E.D. Mich. Oct. 14, 2010); *Richards v. Schuster et al.*, No. 2:10-cv-10100 (E.D. Mich. July 8, 2010). In addition, Plaintiff has been denied leave to proceed *in forma pauperis* in more than one case because he has three strikes. *See Richards v. Arp. et al.*, No. 1:13-cv-171 (W.D. Mich. Apr. 27, 2013); *Richards v. United States*, No. 2:11-cv-12522 (E.D. Mich. June 20, 2011). Thus, the Court must analyze the complaint to determine whether the allegations therein satisfy the exception to the three-strikes rule for an inmate under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In doing so, the Court recognizes that the imminent-danger exception is a pleading requirement subject to the ordinary principles of notice pleading, *Vandiver v. Vasbinder*, 416 F.

App'x 560, 562 (6th Cir. 2011) (citing Fed. R. Civ. P. 8(a)(2)), and that Plaintiff is entitled to have his complaint liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks and citations omitted)).

According to the complaint, Plaintiff is being forced to work despite his mental, emotional and physical disabilities and this forced labor is causing Plaintiff to experience seizures and internal bleeding and he "faces further impending and imminent harm." (Compl., docket #1, Page ID#7.) Notwithstanding the allegations in his complaint, in Plaintiff's application to proceed *in forma pauperis* he declares under penalty of perjury that he is not employed at the prison and his prisoner trust account statement reflects this fact. Further reading of the complaint establishes that Plaintiff considers "forced labor" to be "any task demanded of Plaintiffs that requires 'mental' or 'physical' action, esp. that is strenuious [sic], thus Plaintiffs include walking to chow and yard, reading, or performing any 'physical' or 'intellectual' labor, that could and has triggered seizures . . ., internal bleeding, and has extensively injured" Plaintiff. (*Id.* at Page ID#12.)

The allegations in Plaintiff's complaint do not warrant application of the imminent danger exception in § 1915(g). The Sixth Circuit has held that to sufficiently allege imminent danger, a plaintiff must demonstrate that the threat or prison condition is "real and proximate" and the danger of serious physical injury exists at the time the complaint is filed. *Rittner v. Kinder*, 290 F.App'x 796, 797 (6th Cir. 2008). "Thus, a prisoner's asserting that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797-98; *see also Taylor v. First Med. Mgmt.*, 508 F.App'x at 492 ("Allegations of past dangers are insufficient to invoke the exception."); *Percival*

*v. Gerth*, 443 F.App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception.").

Additionally, the Sixth Circuit has explained that allegations of imminent danger "must be sufficient to allow a court to draw reasonable inferences that the danger exists." *Vandiver*, 727 F.3d at 585. Thus, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

Even under a liberal construction, Plaintiff's allegation that he is in imminent danger of harm because he is being "forced" to walk to chow or read and that these activities trigger seizures and cause him internal bleeding is wholly incredible. The Court therefore reasonably infers that Plaintiff was not in imminent danger when he filed his complaint.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Plaintiff has twenty-eight (28) days from the date of entry of this order to pay his proportionate share of the e civil action filing fee, which is $133.34. When Plaintiff pays his portion of the filing fee, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c). If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $133.34 filing fee.

                                                      /s/Robert J. Jonker
                                                      ROBERT J. JONKER
                                                      UNITED STATES DISTRICT JUDGE

Dated: March 26, 2014

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court

399 Federal Building

110 Michigan Street, NW

Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**